Robert D. Phillips, Jr. (SBN 82639)
Tyree P. Jones (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY and JOHNNY JEFFRIES on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., and MORTGAGE DIRECT, INC.,<br><br>Defendants. | Case No.: C-07-03880 MJJ<br><br>Related to Case No. C-07-04309<br><br>***EX PARTE* MOTION TO MODIFY CASE MANAGEMENT ORDER; DECLARATION OF DAVID S. REIDY IN SUPPORT THEREOF**<br><br>Compl. Filed:   July 30, 2007<br>Trial Date:     None<br><br>*Honorable Martin J. Jenkins* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby moves this Court, pursuant to L.R. 7-10 and 16-2(d), for an order modifying this Court's July 30, 2007, Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order" Doc. 2), and continuing the meet and confer, disclosure and Rule 26 filing deadlines set forth therein. Specifically, Wells Fargo requests that the dates in the CMC Order be rescheduled to coincide with the dates set by this Court in *Ventura v. Wells Fargo Bank, N.A.*, Case No.: C-07-4309 MJJ ("Ventura Action"), *see* Ventura Doc. 11, which has been ordered related to this Action (Jeffries, Doc. 18).

This motion is properly made on an *ex parte* basis. Wells Fargo met and conferred with Plaintiffs before seeking relief from the Court, and in fact withheld this motion based on an agreement with the Jeffries Plaintiffs to coordinate the CMC dates in this Action with those of the Ventura Action. Reidy Declaration (below), ¶2. After a two week delay, Plaintiffs reneged on the deal. *Id.* ¶4. Wells Fargo cannot now bring a noticed motion in time to reschedule the case management conference ("CMC"), which is currently scheduled on November 6, 2007. Good cause also exists here because, although this Action was filed on July 30, 2007 (three weeks before the Ventura Action), Wells Fargo was not served with the Complaint until September 6, 2007. The CMC Order in this case was therefore issued almost six weeks before service of the Complaint. Moreover, coordinating the dates will promote efficiency in these related actions without causing any prejudice to Plaintiffs. The current and proposed new deadlines are as follows:

Current Jeffries Action Deadlines

10/16/2007

- Last day to meet and confer re: initial disclosures and discovery plan.[1] [FRCP 26(f)]

10/30/2007

- Last day to file Rule 26(f) Report, complete initial disclosures or state objections in Rule 26(f) Report and file Case Management Statement per Court's Standing Order re Contents of Joint Case Management Statement. [FRCP Rule 26(a)(1); Civ. L.R. 16-9]

---

[1] The parties in this Action have already filed an ADR certificate. Doc. 20.

*EX PARTE* MOTION FOR RELIEF FROM CASE MANAGEMENT ORDER; DECLARATION

11/6/2007

- Initial CMC.

<u>Current Ventura Action Deadlines / Proposed Revised CMC Schedule (Jeffries)</u>

The current deadlines in the Ventura Action, which Wells Fargo requests be applied in this Action, are:

12/8/2007

- Last day to meet and confer re: initial disclosures, early settlement, and discovery plan. [FRCP 26(f)]
- Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Court's Standing Order re Contents of Joint Case Management Statement. [FRCP Rule 26(a)(1); Civ. L.R. 16-9]

12/18/2007

- Initial CMC.

This Action and the Ventura Action both assert similar causes of action against Wells Fargo, as evidenced by this Court's Order relating the cases. It makes sense, therefore, to coordinate the disclosure and CMC dates. If the dates are not rescheduled, Wells Fargo will suffer prejudice caused first by Plaintiffs' delay in serving the Complaint six weeks after it was filed and, second, by Wells Fargo's good faith reliance on Plaintiffs' representations that a stipulation would be reached to coordinate and continue the dates. By contrast, Plaintiffs will suffer no prejudice whatsoever if these dates are moved. Good cause therefore exists for the relief sought herein.

Respectfully submitted,

DATED: October 23, 2007      REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# DECLARATION OF DAVID S. REIDY

I, David S. Reidy, declare and state as follows:

1. I am an associate of the law firm of Reed Smith, counsel for Wells Fargo Bank, N.A. in this Action and the Ventura Action. I have personal knowledge of the following facts and, if called upon as a witness, I could and would testify truthfully thereto.

2. On or about September 27, 2007, I telephoned Plaintiffs' counsel Rob Rothman (Coughlin Stoia) to discuss moving the CMC dates in this Action to correspond to dates set in the Ventura Action. He agreed in principal to move the dates, but based on the belief that this Action and the Ventura Action would be related, we agreed to wait and see whether this Court would (a) issue an order relating the cases, and (b) coordinate the disclosure and CMC dates *sua sponte*. We agreed to await those developments and revisit the stipulation later, if necessary.

3. On October 12, 2007, this Court issued its Related Case Order, relating this Action and the Ventura Action. Doc. 18. On October 18, 2007, this Court continued the Ventura CMC from November 28 to December 18, 2007. Ventura, Doc. 11.

4. Between October 16 and 18, 2007, I had at least three conversations with Mr. Rothman's associate Mark Reich, in which I again raised the issue of coordinating the CMC dates and schedules. By this time, as set forth above, the cases had been related. During our initial conversations, I asked Mr. Reich if Plaintiffs would stipulate to continuing the Jeffries CMC and disclosure dates to correspond to the Ventura Action. Mr. Reich indicated that he would have to confer with Mr. Rothman, who was out of the office traveling. On October 18, 2007, Mr. Reich informed me that Plaintiffs would not stipulate to coordinating the dates, despite our prior agreement. When I asked Mr. Reich why Plaintiffs would not agree, he indicated that discussions with "other plaintiffs" were ongoing, and that the Jeffries plaintiffs did not want to lose priority by seeming to consent to a coordination of the actions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 23, 2007, in San Francisco, California.

_____
DAVID S. REIDY

DOCSSFO-12493733.1-DSREIDY

*EX PARTE* MOTION FOR RELIEF FROM CASE MANAGEMENT ORDER; DECLARATION