COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
SHAWN WILLIAMS
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (Fax)
srudman@csgrr.com
rrothman@csgrr.com
mreich@csgrr.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NANCY and JOHNNY JEFFRIES on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and MORTGAGE DIRECT, INC.<br><br>          Defendants. | No.: C 07-3880 MJJ<br><br>CLASS ACTION<br><br>JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Case Management Conference<br>Date:        December 18, 2007<br>Time:       2:00 p.m.<br>Place:       Ctrm. 11<br><br>The Honorable Martin J. Jenkins |

On November 29, 2007, the parties, by and through their respective counsel of record, conferred and discussed the issues addressed in Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.

Counsel hereby respectfully submit the following joint report reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.

### 1. Jurisdiction and Service.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Class Action Complaint asserts claims against defendants Wells Fargo Bank, N.A ("Wells Fargo") and Mortgage Direct, Inc. ("Mortgage Direct") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* and violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

All parties have been served. Defendant Wells Fargo filed an Answer to Plaintiffs' Complaint on October 5, 2007 and this matter therefore is at issue. Mortgage Direct has not filed an answer and is in default of its pleading obligations.

### 2. Facts.

#### A. Plaintiffs' Factual Contentions.

Plaintiffs Nancy Jeffries and Johnny Jeffries ("Plaintiffs") bring this direct and proposed class action on behalf of themselves and all similarly situated black homeowners alleging that defendants Wells Fargo and Mortgage Direct (collectively, "Defendants") have engaged in both intentional and disparate impact race discrimination in originating, funding, acquiring and servicing residential mortgage loans. Plaintiffs each are members of a protected minority group, and each purchased a residential mortgage loan from Defendants within the time frame required by all statutes of limitation relevant herein. Plaintiffs' Class Action Complaint asserts the following four (4) Counts: (i) on behalf of Plaintiffs and the class, against Wells Fargo for violation of the Equal Credit Opportunity Act (15 U.S.C. §§1691 *et seq.* ("ECOA"); (ii) on behalf of Plaintiffs and the class, against Wells Fargo for violation of the Fair Housing Act (42 U.S.C. §§3601 *et seq.*)("FHA"); (iii) on behalf of Plaintiffs against, Mortgage Direct for violation of the ECOA; and (iv) on behalf of Plaintiffs, against Mortgage Direct for violation of the FHA.

Plaintiffs allege that Wells Fargo engaged in unlawful racial discrimination by developing and implementing mortgage pricing policies and procedures that provide financial incentives to its authorized loan officers, mortgage brokers and correspondent lenders to make subjective decisions causing minority borrowers to pay higher interest rates, charges and other costs than similarly

situated white borrowers. Wells Fargo's authorized loan officers, mortgage brokers and correspondent lenders are given discretion – and are actually encouraged – to increase interest rates and charge additional fees to certain borrowers. These policies result in minorities receiving home loans with higher fees, such as yield-spread premiums, as well as higher rates and costs and other (such as pre-payment penalties) that are more unfavorable than the loan terms received similarly situated non-minority borrowers. Thus, for example, when minority borrowers pay yield spread premiums on loans including pre-payment penalties, Wells Fargo shares in additional income and profits generated by the premium as the borrower is locked into a higher interest rate. Wells Fargo's systemic policies and procedures, which encourage subjective underwriting and pricing decisions, result in a pattern of discrimination against minorities. Wells Fargo cannot justify these policies by business necessity, and the discriminatory outcome could be avoided through the use of alternative underwriting and pricing policies and procedures.

Plaintiffs further allege that Mortgage Direct is a creditor, as that term is defined by the ECOA, and in the ordinary course of its business, participated in the decision of whether or not to extend credit to the Plaintiffs, who are members of a protected class. In violation of the ECOA, Mortgage Direct discriminated against Plaintiffs by charging them discretionary fees in amounts in excess of the fees that they charged similarly situated white borrowers. Thus, by virtue of having been subject to disparate treatment, Plaintiffs are aggrieved persons, as defined in the ECOA.

    **B.**  **Defendant's Factual Contentions.**

      **(i)**  **Wells Fargo**

Wells Fargo originates and funds mortgage loans. Borrowers may obtain the mortgage loans through loan officers or referrals which come from outside brokers not affiliated with Wells Fargo. Wells Fargo denies Plaintiffs' claims. Specifically, Wells Fargo denies that it engaged in any racially discriminatory mortgage lending practices and denies that any of the purported putative class members have been subject to racial discrimination. Wells Fargo denies that its credit pricing policies and procedures in any way impose higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers. Wells Fargo maintains credit pricing policies and procedures and Wells Fargo's policies and procedures include policies and procedures to

enforce compliance with fair lending procedures, and review of loans for compliance with fair lending procedures. Wells Fargo contends that Plaintiffs were not discriminated against and did not pay any fee or interest rate unrelated to their creditworthiness or risk.

    **(ii) Mortgage Direct'**

  Mortgage Direct has not responded to Plaintiffs' Class Action Complaint and therefore did not participate in the parties' November 29, 2007 conference and discussion.

  **3. Legal Issues.**

    (1) Whether Plaintiffs may maintain a class action pursuant to Federal Rule of Civil Procedure Rule 23, and, if so, the appropriate class period and scope of the purported class;

    (2) Whether Defendant's residential mortgage lending policies and procedures violate the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*;

    (3) Whether Defendant's residential mortgage lending policies and procedures violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

    (4) Whether Defendant has any discriminatory underwriting, or credit pricing policies and/or whether Defendant's underwriting and pricing policies impose higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers;

    (5) Whether Plaintiffs' claims are barred by the applicable statutes of limitations, including, without limitation, 15 U.S.C. § 1691e(f) and 42 U.S.C. § 3613(a)(1)(A).

    (7) Whether Plaintiffs' claims are barred by the doctrines of waiver, estoppel or consent because Plaintiffs accepted the terms of loans and accepted funds pursuant to the terms of the loan contracts;

    (8) Whether Defendant engages in discriminatory practices, acts with discriminatory intent and/or whether Defendant's lending policies and procedures have an impermissible disparate impact on minority borrowers;

    (9) Whether Plaintiffs and the proposed class are entitled to injunctive relief, monetary relief, other equitable relief, costs of suit, attorneys' fees and/or punitive damages.

  **4. Motions.**

    **A. Pending Motions.**

1  No motions are currently pending before this Court.

        **B.    Anticipated Pretrial Motions.**

Plaintiffs will file a motion for entry of Pretrial Order No. 1 consolidating this action with *Ventura v. Wells Fargo Bank, N.A.*, C 07-4309-MJJ, appointing lead and interim class counsel pursuant to Rule 23(g), establishing an organizational structure of Plaintiffs' counsel and establishing procedures for subsequently filed related cases, among other things. Plaintiffs will circulate the proposed motion to seek consent of Wells Fargo prior to filing the motion with the Court.

Plaintiffs also intend to file a motion, if the parties are unable to resolve the issues by stipulation, for entry of an order requiring the parties to preserve documents and information and a protocol for the conduct of electronic discovery in this case. *See* Section 6, herein.

Plaintiffs will file a motion for class certification. *See* Section 9, herein, for a proposed scheduling order relating to Plaintiffs' certification motion.

The extent and degree of discovery motion practice, if any, is presently unknown.

Wells Fargo anticipates filing of a motion for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56, or other dispositive motion(s).

Plaintiffs and Wells Fargo anticipate that discovery in this action may include the discovery of confidential, proprietary and trade secret information and/or information protected by privacy rights, and, accordingly, in order to facilitate discovery, have entered into and submitted for the Court's consideration a Stipulation and [Proposed] Protective Order Regarding Confidential and Trade Secret Information. Plaintiffs and Wells Fargo also have submitted for the Court's consideration a Stipulation and [Proposed] Protective Order Regarding Private Consumer Information. In the event any party seeks to file any information designated as confidential pursuant to any protective order entered in this case, the party shall seek an order authorizing the sealing of the document or portions thereof pursuant to Civil Local Rule 79-5.

In accordance with Local Rule 26-1, counsel for Plaintiffs and Wells Fargo have discussed the complexity of this case. Counsel agree that certain procedures of the Manual for Complex Litigation may be useful for the management of this action. Plaintiffs and Wells Fargo intend to

consult the Manual for Complex Litigation to assess whether specified procedures should be utilized as the case progresses.

5. **Amendment of Pleadings.**

Plaintiffs and Wells Fargo propose that the deadline to amend the complaint be May 1, 2008.

6. **Evidence Preservation.**

Wells Fargo has undertaken steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails and other electronically-recorded material reasonably believed to be relevant to the issues reasonably evident in this action. Plaintiffs and Wells Fargo intend to confer regarding a stipulated order for the preservation of documents and information and procedures governing electronic discovery.

7. **Disclosures.**

Plaintiffs and Wells Fargo anticipate exchange of their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on January 25, 2008.

8. **Discovery.**

A. **Discovery Subjects, Phased Discovery and Completion of Discovery**

Counsel for Plaintiffs and Wells Fargo conferred on November 29, 2007. Plaintiffs and Wells Fargo agree upon the following proposed pre-trial schedule:

| | |
|---|---|
| Non-expert discovery cut-off | March 30, 2009 |
| Parties' initial expert reports | April 27, 2009 |
| Parties' rebuttal expert reports | June 1, 2009 |
| Completion of expert discovery | July 10, 2009 |

B. **Discovery Limitations.**

Plaintiffs and Wells Fargo request a maximum of thirty (30) depositions per side and that Plaintiffs and Wells Fargo be permitted to serve fifty (50) interrogatories per side, absent further agreement of Plaintiffs and Wells Fargo or leave of the Court.

9. **Class Actions.**

Pursuant to Local Rule 16-9(b), Plaintiffs assert this action is maintainable as a class action pursuant to sections (a), (b)(2) and/or (b)(3) of Rule 23 of the Federal Rules of Civil Procedure. The Class Action Complaint defines the class generally as: all black consumers who obtained a Wells Fargo home mortgage loan in the United States between January 1, 2001 and the date of judgment in this action (the "Class Period") and who were subject to Wells Fargo's Discretionary Pricing Policy pursuant to which they paid discretionary points, fees or interest mark-ups in connection with their loan.

Plaintiffs allege they are entitled to maintain the action under Federal Rules of Civil Procedure Rule 23. In accordance with Local Rule 16-9(b), Plaintiffs assert that the facts which show Plaintiffs' entitlement to maintain the action under Fed. R. Civ. P. 23 include the following: the Class consists of many thousands, or tens of thousands, of individuals geographically dispersed throughout the United States; all members of the Class have been subjected to and affected by Wells Fargo's practice of assessing yield spread premiums and other discretionary fees and imposing other adverse terms and features on mortgage loans; Plaintiffs and the other members of the propose class were subjected to yield spread premiums and other discretionary charges and fees and other terms that have disproportionately affected minority borrowers; Plaintiffs are committed to vigorous prosecution of the class claims and have retained attorneys who have extensive experience in class actions and consumer protection and credit discrimination actions; and Wells Fargo has acted or refused to act on grounds generally applicable to the proposed class. *See* L.R. 16-9(b)(3).

Pursuant to the proposed pretrial schedule as set forth herein, Plaintiffs request a deadline to file their motion for class certification on or before September 15, 2008.

10.   **Related Cases.**

As noted above, *Ventura v. Wells Fargo Bank, N.A.*, C 07-4309-MJJ pending before this Court is a related action. Plaintiffs and Wells Fargo agree that these cases should be consolidated for pretrial proceedings and Plaintiffs intend to include provisions for such consolidation in the [Proposed] Pretrial Order No. 1 to be submitted shortly.

**11. Relief.**

Plaintiffs primarily seek injunctive relief to prohibit the discriminatory practices of defendant. Plaintiffs also may seek other equitable relief including restitution, monetary relief and punitive damages.

Wells Fargo's investigation of Plaintiffs' claims is ongoing. While Wells Fargo asserts Plaintiffs have not alleged any basis upon which liability may be established, Wells Fargo reserves its right to submit to this Court the basis upon which Wells Fargo contends damages should be calculated if liability is established. Wells Fargo contends that if liability is established, there is no basis on which to assert punitive damages.

**12. Settlement and ADR.**

Plaintiffs and Wells Fargo have conferred concerning the likelihood of settlement and they continue to do so. Plaintiffs and Wells Fargo intend to meet and confer within 30 days to determine whether a private ADR process will facilitate an early resolution of the case.

**13. Consent to Magistrate Judge for all Purposes.**

Plaintiffs and Wells Fargo do not consent to a Magistrate Judge for all purposes.

**14. Other References.**

Plaintiffs and Wells Fargo do not believe this case is suitable for other reference at this time.

**15. Narrowing of Issues.**

At this stage in the proceedings, Plaintiffs and Wells Fargo are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth in section 4, herein. Plaintiffs and Wells Fargo agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached regarding the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16. Expedited Schedule.**

Plaintiffs and Wells Fargo agree this case is not appropriate for an expedited or streamlined procedure.

**17. Scheduling.**

Pursuant to their November 29, 2007 conference of counsel, Plaintiffs and Wells Fargo propose the pre-trial and trial schedule attached hereto as Exhibit A.

18. **Trial.**

Plaintiffs and Wells Fargo request a jury trial.

19. **Disclosure of Non-party Interest Entitles or Persons.**

Pursuant to Civil Local Rule 3-16, all Plaintiffs and Wells Fargo have filed a Certification of Interested Entities or Persons.

Pursuant to Civil Local Rule 3-16, Wells Fargo restates and certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Wells Fargo & Company, a publicly traded company and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.

20. **Other Matters.**

The parties do not have any additional matters to raise at this time.

DATED: December 10, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN WILLIAMS

/s/
Shawn Williams

100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

```
                        SAMUEL H. RUDMAN
                        ROBERT M. ROTHMAN
                        MARK S. REICH
                        LERACH COUGHLIN STOIA GELLER
                           RUDMAN & ROBBINS LLP
                        58 South Service Road, Suite 200
                        Melville, NY 11747
                        Telephone: 631/367-7100
                        631/367-1173 (fax)

                        RODDY KLEIN & RYAN
                        Gary Klein (BBO # 560769)
                        Shennan Kavanagh (BBO # 655174)
                        Gillian Feiner (BBO # 664152)
                        727 Atlantic Avenue
                        Boston, MA 02111-2810
                        Telephone: 617/357-5500 ext. 15
                        617/357-5030 (fax)

                        MILLER LAW LLC
                        MARVIN A. MILLER
                        MATTHEW E. VANTINE
                        LORI A. FANNING
                        115 South Lasalle Street, Suite 2910
                        Chicago, IL 60603
                        Telephone: 312/332-3400

                        HAGENS BERMAN SOBOL SHAPIRO LLP
                        THOMAS M. SOBOL (BBO # 471770)
                        GREGORY MATTHEWS (BBO # 653316)
                        One Main Street, 4th Floor
                        Boston, MA 02142
                        Telephone: 617/475-1950
                        617/482-3003 (fax)
```

*Attorneys for Plaintiffs*

DATED: December 10, 2007           ROBERT D. PHILLIPS, JR.
                                    TYREE P. JONES, JR.
                                    DAVID S. REIDY
                                    REED SMITH LLP


                                          /s/
                                   _____
                                      ROBERT D. PHILLIPS, JR.

                                   P.O. Box 7936
                                   San Francisco, CA 94120
                                   Telephone: 415/543-8700
                                   415/391-8269 (fax)

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**

**EXHIBIT A**
**to Joint Rule 26(f) Report and Case Management Conference Statement**
**Proposed Pre-Trial Scheduling**

| Pretrial or Trial Event | Plaintiffs' and Wells Fargo's Requested Deadline |
|---|---|
| Deadline to Amend Pleadings | May 1, 2008 |
| Motion for Class Certification | September 15, 2008 |
| Non-Expert Discovery Cut-Off Date | March 30, 2009 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | April 27, 2009 |
| Rebuttal Expert Witness Disclosure | June 1, 2009 |
| Expert Discovery Cut-Off Date | July 10, 2009 |
| Last day for hand-serving motions and filings (other than Motions in Limine) | July 31, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion |

| Pretrial or Trial Event | Plaintiffs' and Wells Fargo's Requested Deadline |
|---|---|
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion |
| Trial Date | Parties meet and confer following resolution of class certification motion |