BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Andrew S. Friedman (*Pro Hac Vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
42 Miller Avenue
Mill Valley, California 94941
(415) 381-5599

RODDY KLEIN & RYAN
Gary Klein (*Pro Hac Vice*)
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: 617/357-5500

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS, LLP
Shawn A. Williams
100 Pine Street Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545

Samuel H. Rudman (*Pro Hac Vice*)
Robert M. Rothman (*Pro Hac Vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | MEMORANDUM IN SUPPORT OF [PROPOSED] PRE-TRIAL ORDER NO. 1<br><br>Honorable Martin J. Jenkins<br><br>Date Action Filed: July 30, 2007<br><br>Lead Case No: C 07-03880 MJJ<br><br>Related Case No: C 07-04309 MJJ |

Plaintiffs Gilbert Ventura, Sr. and Tracy D. Ventura ("Plaintiffs") submit this memorandum in support of their Motion to enter the [Proposed] Pre-trial Order No. 1 ("PTO No. 1") filed concurrently herewith.  Entry of PTO No. 1 will, among other things, (a) consolidate this action with Related Case C 07-03880 MJJ, *Jeffries et al. v. Wells Fargo Bank N.A. et al.* ("*Jeffries*"); (b) appoint Plaintiffs' counsel, Bonnett Fairbourn Friedman & Balint, P.C. ("Bonnett Fairbourn"), and counsel for plaintiffs in the *Jeffries* action, Roddy Klein & Ryan ("Roddy Klein"), as Co-Lead Interim Class Counsel for consolidated proceedings in the actions against Defendant Wells Fargo ("Defendant" or "Wells Fargo") and (c) appoint Plaintiffs' counsel, Coughlin Stoia Geller Rudman & Robbins ("Coughlin Stoia") as liaison counsel to the Court.

## INTRODUCTION

On August 21, 2007, Plaintiffs filed this action, *Ventura et al. v. Wells Fargo Bank, N.A.*, individually and on behalf of all other similarly situated minorities who have entered into residential mortgage loan contracts that were originated, financed or purchased by Defendant.  Plaintiffs, who each are members of a protected minority group, challenge Defendant's mortgage pricing policies and procedures that result in minorities receiving home

loans with higher fees, rates and costs than similarly situated non-minority borrowers.

This action was reassigned to this Court on October 12, 2007, as a related case to the *Jeffries* action, which had been filed in this Court on July 30, 2007. On October 30, 2007, this Court entered an Order based on the parties' stipulation that case management deadlines in *Jeffries* are governed by the dates set forth in this action, including participation in the Initial Case Management Conference set for December 18, 2007. Concurrently with this Motion and Memorandum, the parties also are filing a Stipulation indicating all counsel's agreement that the two actions should be consolidated for pretrial purposes pursuant to Fed. R. Civ. Proc. 42.

To ensure the efficient and orderly prosecution of the consolidated cases and effective representation for the Class, and for the reasons set forth below, Plaintiffs respectfully request the Court to enter PTO No. 1.

## ARGUMENT

**I.    THIS ACTION AND *JEFFRIES* SHOULD BE CONSOLIDAT-
ED UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(a).**

Filed concurrently with the current Motion and Memorandum is a Stipulation of counsel for all parties in this action and in the *Jeffries* action, proposing that the two related actions be consolidated for pretrial proceedings pursuant to Rule 42 of the Federal Rules of Civil Procedure

("Fed. R. Civ. Proc."). Rule 42 provides for consolidation of actions involving a "common question of law or fact." To determine whether to consolidate, the Court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc. v. Triple A Machine Shop*, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). Given the nearly complete identity of factual and legal issues raised in the two related actions before the Court, and the stipulation of all parties, there is no threat of undue delay, confusion or prejudice. Consolidation would serve the interests of justice and convenience and the Court should therefore consolidate these related matters and enter PTO No. 1.

**II. CO-LEAD INTERIM CLASS COUNSEL AND LIAISON IN THE CONSOLIDATED ACTIONS SHOULD BE APPOINTED AS PROPOSED.**

**A. The Court Should Implement an Interim Leadership Structure Pursuant to Rule 23(g).**

Federal Rule of Civil Procedure 23(g) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. Proc. 23(g)(3). Such orders are common and are encouraged in complex class actions. *See Manual for Complex Litigation* (Fourth ed.) §10.22 (recommending special procedures for coordination of counsel early in

complex litigation).  Appointment of interim leadership for the putative class at this stage will assist to streamline prosecution of the litigation, eliminate unnecessary costs and delays, expedite the proceedings and result in the best resolution for the proposed class.  *See Manual for Complex Litigation* (Fourth ed.), §22.62 ("Early organization of counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case management task.").  As discussed with the Court in December, appointment of interim class counsel is particularly warranted because the parties are currently exploring the prospect for an early resolution of these related cases.

> **B.    Bonnett Fairbourn and Roddy Klein Should Be Approved as Co-Lead Interim Class Counsel.  Coughlin Stoia Should Be Approved as Liaison Counsel.**

Judicial economy, efficiency and justice will be best served by the appointment of Co-Lead Interim Class Counsel in these actions and in all subsequently filed actions, as detailed in PTO No. 1.  Appointment of the law firms of Bonnett Fairbourn and Roddy Klein as Co-Lead Interim Class Counsel will allow the Court to deal with a manageable structure and law firms that possess the collective knowledge, experience and resources necessary to effectively lead this case.  It is well-established that the Court may appoint co-lead counsel to coordinate the prosecution of complex cases

such as the instant actions. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-5 (9th Cir. 1997) (courts routinely exercise authority to appoint lead counsel for plaintiffs); Advisory Committee Notes to Fed. R. Civ. Proc. 23(g) ("the selection and activity of class counsel are often critically important to the successful handling of a class action.").

Rule 23(g) sets forth the criteria for appointment of interim class counsel:

> (1) * * * In appointing class counsel, the court
>
>     (A)    must consider:
>
>         (i)    the work counsel has done in identifying or investigating potential claims in the action,
>
>         (ii)    counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action,
>
>         (iii)    counsel's knowledge of the applicable law, and
>
>         (iv)    the resources counsel will commit to representing the class; [and]
>
>     (B)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]

Fed. R. Civ. P. 23(g)(1)(A)-(B). Bonnett Fairbourn and Roddy Klein easily satisfy these elements and will fairly and adequately represent the interests of the Class.

### 1. Proposed Co-Lead Interim Class Counsel Conducted Extensive Investigations To Identify The Issues And Claims Relevant To The Related Actions.

Before filing this case, proposed Co-Lead Interim Class Counsel expended considerable resources to investigate the conduct that Defendant is alleged to have committed. These pre-suit efforts included extensive legal research, reviewing documents and consulting with experts regarding the strengths of the potential claims against Defendant. Proposed Co-Lead Interim Class Counsel have devoted substantial time, effort and resources researching and investigating the facts and legal issues underlying the claims in this case. They have retained experts with expertise in the performance of statistical studies and analyses, and other experts with special knowledge and expertise pertaining to the lending industry. They have undertaken numerous dealings with consumer advocacy groups, including the National Consumer Law Center, one of Plaintiffs' counsel in *Jeffries*. *Id*. In sum, the proposed co-lead counsel for Plaintiffs are thoroughly prepared and poised to begin discovery in this action. *Id*.

Proposed Co-Lead Interim Class Counsel continue to investigate residential mortgage lending companies' practices. As a result, proposed Co-Lead Interim Class Counsel have brought similar class action cases against other residential mortgage lending companies and are currently

7

prosecuting these cases.[1]   Proposed Co-Lead Interim Class Counsel's collective knowledge of the relevant facts and issues in this case makes them ideally suited to expeditiously and zealously represent the interests of Plaintiff and the proposed Class in this action.

> **2.  Proposed Co-Lead Interim Class Counsel Have the Necessary Experience and Knowledge of the Law to Serve as Co-Lead Interim Class Counsel.**

Proposed Co-Lead Interim Class Counsel are well-qualified to lead and manage this nationwide class action.  Bonnett Fairbourn and Roddy Klein are experienced and capable class counsel who have demonstrated their qualifications to serve as Co-Lead Interim Class Counsel. In the class certification context, courts have held that a class is fairly and adequately represented where counsel is qualified, experienced and generally able to conduct the litigation on its behalf.  *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action

---

[1] *Sanchez v. Argent Mortgage*, CASE NO (C.D. Cal.); *Payares v. Chase Bank*, CASE NO (C.D. Cal.); *Garcia v. Countrywide*, CASE NO (C.D. Cal.); *Miller v. Countrywide*, CASE NO (D. Mass.); *Toruno v. Decision One/HSBC*, CASE NO (C.D. Cal.); *Allen v. Decision One/HSBC*, CASE NO (D. Mass.); *Puerto v. First Magnus*, CASE NO (D.Az. Bankr. Ct.); *Perez v. Wachovia/World Savings Bank*, CASE NO (N.D. Cal.); *Sanchez v. Washington Mutual*, CASE NO (C.D. Cal.); *Alleyne v. Flagster*, CASE NO (D. Mass.); *Chavez v. WMC/GE Bank*, CASE NO (C.D. Cal.).

vigorously). Furthermore, where proposed class counsel demonstrate that they are "ready, willing and able to commit the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied. *In re NASDAQ*, 169 F.R.D. at 515.

Bonnett Fairbourn and Roddy Klein have broad experience in class actions generally. Moreover, the firms have far-reaching experience in the investigation and prosecution of this type of lending discrimination case in particular, having successfully served as Lead, Co-Lead or primary litigation counsel in many complex class action cases.

Bonnett Fairbourn has developed a recognized practice in the area of complex commercial litigation, including major class actions, and is widely regarded as a preeminent firm representing plaintiffs in class action proceedings. Over the last twenty years, Bonnett Fairbourn has successfully handled more than 100 class action lawsuits, representing consumers and victims in a wide range of class action proceedings, including civil rights, securities and consumer fraud claims.

Andrew S. Friedman and the Bonnett Fairbourn firm have served as co-lead counsel representing minority policyholders in class action proceedings seeking relief for racial discrimination in the sale and administration of life insurance policies, including an action against

Case 3:07-cv-03880-MMC   Document 49   Filed 01/04/2008   Page 10 of 19

American General Life & Accident Company which resulted in a settlement valued at $250 million. As co-lead counsel for the class in another such action, *Thompson et al. v. Metropolitan Life Ins. Co.*, No. 00-CIV-5071 (HB) (S.D.N.Y.), Mr. Friedman and Bonnett Fairbourn were instrumental in achieving a settlement on the eve of trial valued at $145 million.

Mr. Friedman and Bonnett Fairbourn also served as class counsel for plaintiffs in cases alleging claims for racial discrimination arising from the use of credit scoring in connection with homeowners insurance and employment decisions.

Mr. Friedman and Bonnett Fairbourn were Arizona Counsel for the class in *In re American Continental Corp./Lincoln Savings & Loan Sec. Litig.*, MDL No. 834 (D. Ariz.), where plaintiffs successfully recovered $240 million of the $288 million in losses sustained by them against Charles Keating and other corporate insiders. Most recently, Mr Friedman served as co-lead counsel in *In re Conseco Life Insurance Cost of Insurance Litigation*, MDL 1610 pending in the Central District of California, which resulted in a class settlement valued at more than $400 million on behalf of insurance policy owners.

Roddy Klein specializes in consumer protection and has a national consumer litigation practice. Gary Klein has represented consumers in

individual cases and class actions since 1985 in the areas of mortgage lending, Truth in Lending, predatory lending, abusive debt collection, unfair and deceptive business practices, and lending discrimination. From 1991-2000, Mr. Klein was a senior attorney at the National Consumer Law Center in Boston, a non-profit law firm representing the interests of low-income consumers in court and in various legislatures.

Roddy Klein has obtained hundreds of millions of dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims across the country. Mr. Klein was co-lead counsel to the class in *In re Household Lending Litigation*, Case No. C 02-1240 CW (N.D. Cal.) (Wilken J. ) a $165,000,000 settlement of predatory lending allegations against subprime lending subsidiaries of HSBC. Mr. Klein was also co-lead counsel in *Curry v. Fairbanks Capital Corporation*, 03-10875-DPW (D. Mass.)a case that resulted in a $55,000,000 nationwide settlement of a nationwide class action based on predatory loan servicing practices. Mr. Klein and Roddy Klein are currently co-lead counsel in a national class case challenging the mortgage lending practices of Ameriquest Mortgage Co. *In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation*, M.D.L. 1715 (N.D. Ill. 2005).

Mr. Klein was also counsel to the class in a series of seminal auto finance discrimination cases under the Equal Credit Opportunity Act, each of which resulted in a settlement of class claims: *Baltimore v. Toyota*, C.A. No. 01-05564-NM (C.D. Cal.) *Smith v. Chrysler Financial*, C.A. No. 00-6003 DMC (D.N.J.); Coleman v. GMAC, Civ. No. 3-98-0211 (M.D. Tenn.) *Jones v. Ford Motor Credit Corp.*, Case No: 00-CIV-8330 (LMM); Cason v. Nissan Motor Acceptance Corp., C.A. No. 3:98-0223 (M.D. Tenn.).

In addition to the two proposed Co-Lead firms, Plaintiffs' other counsel in this action are a group of highly regarded firms with considerable experience representing plaintiffs in major class actions nationwide. Plaintiffs' counsel includes the National Consumer Law Center, a renowned consumer rights organization with considerable expertise in matters involving alleged racial discrimination and housing rights. This group of committed law firms will likewise serve as a tremendous resource in the prosecution of the case on behalf of the Class.

### 3.    Proposed Liaison Counsel, Coughlin Stoia, is Well Qualified to Serve in that Capacity

Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") is a 190-lawyer law firm with offices in San Francisco, San Diego, Los Angeles, New York, Boca Raton, Washington, D.C. and Philadelphia. Coughlin Stoia is actively engaged in complex litigation, emphasizing

securities, consumer, insurance, healthcare, human rights, employment discrimination and antitrust class actions. Coughlin Stoia's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys who have successfully prosecuted thousands of class-action lawsuits. As a result, Coughlin Stoia attorneys have been responsible for recoveries of more than $45 billion.

Coughlin Stoia's attorneys represent plaintiffs in a variety of important, complex consumer class actions. Coughlin Stoia attorneys have taken a leading role in many of the largest federal and state consumer fraud, human rights, environmental, public health and tobacco-related cases throughout the United States. Coughlin Stoia is also actively involved in numerous cases relating to the financial services industry, pursuing claims on behalf of individuals victimized by abusive mortgage lending practices, including violations of the Real Estate Settlement Procedures Act, market timing violations in connection with the sale of variable annuities and deceptive consumer credit lending practices in violation of the Truth-In-Lending Act.

        **4.** **Proposed Co-Lead Interim Class Counsel And Proposed Liaison Counsel Are Willing to Make the Commitment to Zealously Prosecute Claims on Behalf of the Class and Have the Resources Available To Do So.**

Proposed Co-Lead Interim Class Counsel have amply demonstrated their ability to devote the resources necessary to represent the proposed Class. As noted above, Bonnett Fairbourn and Roddy Klein have prosecuted similar claims against other major companies for many years. On nearly every occasion, these cases were protracted, hard-fought class actions that were litigated by some of the most capable defense counsel in the country. Proposed Co-Lead Interim Class Counsel (and co-counsel) represented the plaintiff classes in these cases on a wholly contingent basis, advanced enormous costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way. Proposed Co-Lead Interim Class Counsel will ensure that all necessary resources, including advancing costs and expenses, are made available for the prosecution of this action.

Moreover, while the other firms representing Plaintiff in this action and the plaintiff in *Jeffries* have proposed Bonnett Fairbourn and Roddy Klein to serve as Co-Lead Interim Class Counsel, it is anticipated that these other firms will play an active and substantial role in the prosecution of this action. These firms also are among the leading firms in the United States in representing class plaintiffs. In addition, these firms have already demonstrated the ability to work together as demonstrated by the

cooperative effort to quickly and efficiently agree upon this appropriate proposal for a consensual organizational structure of Plaintiffs' counsel.

### 5. Proposed Co-Lead Interim Class Counsel Are In The Best Position To Coordinate The Prosecution Of This Action With Parallel Federal Court Actions.

Other considerations also favor the Court's approval of the leadership structure proposed in PTO No. 1. Proposed Co-Lead Interim Class Counsel will be able to assist the Court in managing this action by coordinating it with parallel federal court actions. In addition to Plaintiffs in this action, Bonnett Fairbourn, Roddy Klein, Coughlin Stoia and other Plaintiffs' counsel also represent plaintiffs in 11 other class actions pending in this and other federal jurisdictions asserting similar claims against different defendants. *See* Note 1, *supra*. Bonnett Fairbourn, Roddy Klein, Coughlin Stoia and their co-counsel have reached a formal agreement among counsel coordinating the prosecution of these related proceedings to avoid wasteful or duplicative activity.

Proposed Co-Lead Interim Class Counsel and Liaison Counsel thus are well-positioned to coordinate federal court discovery and motions practice with this Court's management of the present proceeding. Such coordination through plaintiffs' counsel has been recognized as a valuable tool used by federal district courts to ensure the orderly and efficient

15

litigation of complex matters.  *See Manual for Complex Litig.*, §31.31. Thus, by appointing Bonnett Fairbourn and Roddy Klein as Co-Lead Interim Class Counsel, and Coughlin Stoia as Liaison Counsel, the Court will prevent the needless duplication of litigation efforts in state and federal courts and minimize the risk of inconsistent rulings and jurisdictional conflicts.

> **6.    All Interested Counsel Agree That the Proposed Co-Leadership Structure Will Best Protect the Interests of the Class.**

Another consideration which favors the Court's approval of Bonnett Fairbourn and Roddy Klein as Co-Lead Interim Class Counsel and Coughlin Stoia as Liaison Counsel is that all interested counsel have agreed that this leadership structure, as set forth in PTO No. 1, is appropriate and will best protect the interests of this nationwide Class.  Courts and commentators have noted that a court should approve the proposed leadership structure where interested counsel agree among themselves as to leadership structure that will best support the class. *U.S. Trust Co. of New York v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (noting that "the court should encourage and approve the selection of Co-Lead counsel by the agreement of interested counsel in proposed class actions, imposing its own choice only in extraordinary situations."); *see also 3 Newberg on Class Actions*, §9.35 (4th

ed.) ("Lead counsel may be designated by consensus of interested counsel, and this selection may be accepted by the court when it makes an appointment. . . the court should always encourage the parties themselves to agree on lead counsel, while imposing its own choice only in extraordinary circumstances").

       **7.**      **Proposed Co-Lead Interim Class Counsel and Liaison Counsel Are Well-Positioned to Comply With the Responsibilities Designated by PTO No. 1.**

PTO No. 1 contains designates a number of specific responsibilities to Co-Lead Interim Class Counsel and Bonnett Fairbourn and Roddy Klein are well-positioned to undertake those responsibilities. Specifically, PTO No. 1 instructs Co-Lead Interim Class Counsel and Liaison Counsel to maintain communications and promote harmonious dealings among all Plaintiffs' counsel, provide general supervision of the activities of Plaintiffs' counsel; and perform or delegate as appropriate duties including, *inter alia*, briefing and argument of motions, conduct of discovery, appearances at pretrial conferences, consultation with experts, and conduct of settlement negotiations with counsel for Defendants.

**III.**   **THE OTHER RELATED TERMS OF PTO NO. 1 ARE APPROPRIATE AND SHOULD BE INCLUDED IN THE COURT'S ORDER AS PROPOSED.**

In addition to Rule 42 consolidation and Rule 23(g) appointment of Co-Lead Interim Class Counsel, PTO No. 1 contains a number of other terms customarily included in such pretrial orders. These include provisions for:

- Later Filed Cases, § 3;
- Application of the Order to Later Filed Cases, § 4;
- Preservation of Evidence, § 5;
- Service of Papers, § 6;
- Time Recording, § 6.

terms which Plaintiffs respectfully submit should be entered as proposed. Under PTO No. 1, counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action. Each of the other directives included in PTO No. 1 are engineered to facilitate the just, efficient and cost-effective prosecution of this litigation.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter PTO No. 1, and thereby consolidate these actions for all purposes and appoint the law firms of Bonnett Fairbourn and Roddy Klein as Co-Lead Interim Class Counsel.

DATED: January 4, 2008

| RODDY KLEIN & RYAN | BONNETT, FAIRBOURN, FRIEDMAN & BALINT P.C. |
|---|---|
| /s/Gary Klein<br>Gary Klein (*Pro Hac Vice*)<br>727 Atlantic Avenue<br>Boston, MA 02111-2810<br>Telephone: 617/357-5500<br><br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br><br>Shawn A. Williams<br>100 Pine Street Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415/288-4545<br><br>/s/Robert M. Rothman<br>Robert M. Rothman<br>(*Pro Hac Vice*)<br>Samuel H. Rudman<br>(*Pro Hac Vice*)<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br><br><br>Attorneys for Plaintiffs in Jeffries | /s/Andrew S. Friedman<br>Andrew S. Friedman (*Pro Hac Vice*)<br>Wendy J. Harrison (CA SBN 151090)<br>2901 N. Central Ave.,Suite 1000<br>Phoenix, AZ 85012-3311<br>(602) 274-1100<br><br>CHAVEZ & GERTLER, L.L.P.<br>Mark A. Chavez(CA SBN 90858)<br>42 Miller Avenue<br>Mill Valley, California 94941<br>(415) 381-5599<br><br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>John J. Stoia, Jr. (CA SBN 141757)<br>Theodore J. Pintar (CA SBN 131372)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br><br>Attorneys for Plaintiffs in Ventura |