Robert D. Phillips, Jr. (SBN 82639)
Tyree P. Jones (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This document relates to<br><br>ALL ACTIONS | Lead Case No.: C-07-03880 MJJ<br><br>Related Case No. C-07-04309 MJJ<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   March 4, 2008<br>Time:                   9:30 a.m.<br>Courtroom:        11, 19th Floor<br><br>*Honorable Martin J. Jenkins* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **March 4, 2008** at 9:30 a.m., or as soon thereafter as the matter can be heard, in Courtroom 11 of the United States District Court for the Northern District of California, defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move for a stay of all proceedings in these above-captioned actions pending a decision by the Judicial Panel on

1  Multidistrict Litigation on Wells Fargo's motion to transfer for consolidated and coordinated pretrial
2  proceedings. This Motion is made on the grounds that a stay of proceedings in these actions is
3  necessary and appropriate to achieve the judicial economies which underlie Section 1407 of the
4  United States Code. Additionally, Wells Fargo would be substantially prejudiced by duplicative
5  discovery and motion practice if a stay were not put in place.
6      This Motion is based on this Notice, the Memorandum of Points and Authorities attached to
7  and filed herewith and Declaration of David S. Reidy in support thereof, the complete files and
8  records in this action, matters that may be judicially noticed, and any oral or documentary evidence
9  that may be presented at the hearing on this matter.

11  DATED: January 24, 2008         REED SMITH LLP

13                                  By____/s/_____
14                                  David S. Reidy
                                    Attorneys for Defendant
15                                  Wells Fargo Bank, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wells Fargo requests that this Court stay these consolidated actions pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on Wells Fargo's motion to transfer ("MDL Motion"). Currently, Wells Fargo faces five putative class actions asserting essentially the same claims on behalf of the same putative nationwide classes of minority borrowers; three of these cases are now pending in the Northern District alone. Judicial economy will be served by coordinating these proceedings for pretrial purposes; and efficiency also mandates that while the MDL Panel considers Wells Fargo's MDL Motion to transfer and coordinate these actions, the cases before this Court should be stayed. Indeed, two of the pending actions – in the Central District of California and Northern District of Illinois, respectively – are essentially on hold pending the outcome of Wells Fargo's MDL Motion.

Forcing Wells Fargo to litigate these actions would be prejudicial to Wells Fargo, because it would require Wells Fargo to engage in discovery and motion practice which will have to be duplicated elsewhere at a later date – either in the coordinated actions before an MDL judge, or in the individual actions pending against Wells Fargo. By contrast, Plaintiffs here will not be prejudiced by a short stay of these actions pending a decision by the MDL Panel. For these reasons, Wells Fargo requests that this Motion be granted and the stay be put in effect immediately.

## II. BACKGROUND

### A. Consolidation of Jeffries and Ventura

On October 12, 2007, this Court issued its Related Case Order, relating Case No. C-07-03880 (*Jeffries*) with Case No. C-07-04309 (*Ventura*). Jeffries, Doc. 18; *see* Declaration of David S. Reidy ("Reidy Decl."), ¶2. On December 18, 2007, this Court held a joint case management conference (CMC) addressing both actions, and instructed the parties to make their respective positions known to the Court on whether *Jeffries* and *Ventura* should be consolidated. Reidy Decl., ¶3. On January 8, 2008, this Court entered its Pretrial Order on Case Management ("CMC Order," Doc. 51), and also entered its order consolidating *Jeffries* and *Ventura* ("Consolidation Order," Doc. 52).

### B. Wells Fargo's Pending MDL Motion

On January 3, 2008, prior to entry of the Consolidation Order in these actions, Wells Fargo filed its motion before the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer *Jeffries* and *Ventura* for consolidated and coordinated pretrial proceedings before the MDL Panel, pursuant to 28 U.S.C. §1407 ("MDL Motion"). Reidy Decl., ¶4. Wells Fargo notified this Court of the filing of the MDL Motion and submitted courtesy copies of the papers. *Id.*; Doc. 37-46.

The MDL Motion seeks the transfer and consolidation of these actions with two other actions currently pending against Wells Fargo: *Rodriguez v. Wells Fargo Bank, N.A.*, C.D. Cal., Case No. 07-cv-6780 (Hon. Christina A. Snyder) ("*Rodriguez*") and *Williams v. Wells Fargo Bank, N.A.*, N.D. Ill., Case No. 07-cv-6342 (Hon. Samuel Der-Yeghiayan) ("*Williams*"). Reidy Decl. ¶6.

On January 8, 2008, the MDL Panel assigned Case No. 1930 to the MDL Motion and ordered that any responsive pleadings be submitted no later than January 28, 2008, with reply briefs due by February 4, 2008. *Id.* ¶6, Ex. 1. No hearing date has been set on the MDL Motion. Reidy Decl. ¶6. The MDL Panel hears motions every other month, with the next hearing scheduled on January 30, 2008. *Id.* Since Wells Fargo's MDL Motion will not be fully briefed by that time, it will likely be heard by the MDL Panel at the end of March 2008. *Id.*

### C. Status of *Rodriguez* and *Williams* Actions

On January 3, 2008, Wells Fargo filed notices informing the *Williams* and *Rodriguez* courts of the pending MDL Motion. Reidy Decl. ¶7. On January 10, 2008, Judge Snyder issued a minute order setting the initial scheduling conference in *Rodriguez* on March 24, 2008. Reidy Decl. ¶8, Ex. 2. On January 16, 2008, Judge Der-Yeghiayan continued the *Williams* Initial Status Conference to April 29, 2008, in view of the pending MDL Motion. Reidy Decl. ¶8, Ex. 3

### D. Upcoming Dates & Deadlines in *Jeffries* and *Ventura*

As set forth above, Plaintiffs' opposition to the MDL Motion is due no later than January 28, 2008. Among other dates, this Court's CMC Order requires the parties to make their initial disclosures on January 25, 2008,[1] sets a fact witness discovery cutoff of July 25, 2008 for class

---

[1] The parties have stipulated to continue this deadline by one week, to February 1, 2008. Doc. 54.

certification purposes, and schedules Plaintiffs' motion for class certification to be briefed in October and November, and heard on December 3, 2008. Doc. 51; Reidy Decl., ¶11.

On January 16, 2008, Plaintiffs in these consolidated actions served their first set of requests for production of documents ("RFPs") by mail on Wells Fargo. Reidy Decl. ¶12. Wells Fargo's responses to the RFPs are due by February 19, 2008. *Id.*

### E. *Brown v. Wells Fargo* – Newly Filed Action in Northern District

On January 23, 2008, yet another action was filed against Wells Fargo in this district. *Brown v. Wells Fargo Bank, N.A.*, Case No. C-08-0493, asserts lending discrimination claims under the FHA and ECOA on behalf of a putative class of African American borrowers. Reidy Decl., ¶13, Ex. 4. In *Brown*, the borrower plaintiff is a resident of Alabama, and it is therefore unclear why suit was filed in California. *Id.* Nonetheless, on January 24, 2008, the *Brown* plaintiffs filed an administrative motion to consider whether the case should be related to these actions. Docs. 55-56. Wells Fargo intends to notify the MDL Panel of this most recent class action, and of any subsequent tag-along cases filed against Wells Fargo.

### F. Wells Fargo's Attempt to Meet and Confer

On January 23, 2008, Wells Fargo met and conferred with Plaintiffs and requested a stipulation to stay these actions pending a ruling by the MDL Panel. Reidy Decl., ¶14. Plaintiffs refused, and in fact indicated their intention to begin serving Rule 30(b) deposition notices on Wells Fargo immediately. *Id.*

## III. ARGUMENT

The Court should exercise its discretion to stay all further proceedings in these actions pending a decision on Wells Fargo's MDL Motion. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) potential prejudice to the non-

moving party if the action is not stayed; and (3) hardship and inequity to the moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

### A.  Judicial Economy Mandates A Stay

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). It is well-settled that this purpose is furthered when actions subject to a pending MDL motion to transfer are stayed. *See, Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, *809 (N.D.Cal. 1998). Motions to stay under such circumstances are routinely granted for this reason. *See e.g., American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374 (E.D.Pa. 1992).

The cases at issue here are unquestionably related. First, this Court has already consolidated *Jeffries* and *Ventura*. Plaintiffs in these consolidated actions allege that Wells Fargo engaged in discriminatory mortgage lending practices and assert, variously, claims under the Equal Credit Opportunity Act (15 U.S.C. §§ 1691-1691f) ("ECOA"), the Fair Housing Act (42 U.S.C. §§ 3601-3619) ("FHA"), and the Civil Rights Act, Sections 1981 and 1982. Both actions are asserted on behalf of the Plaintiffs and putative nationwide classes of minority borrowers. *See Jeffries* Complaint at ¶10; *Ventura* Complaint at ¶ 42.

Similarly, *Rodriguez*, filed on October 18, 2007, involves allegations that Wells Fargo's residential mortgage practices violate the EOCA, the FHA and the Civil Rights Act. The *Rodriguez* plaintiffs sue on behalf of themselves and "all minority borrowers (the 'Class') who entered into residential mortgage loan contracts that were financed or purchased by Wells Fargo, and who were harmed by the discriminatory conduct of Wells Fargo." *Williams*, filed on November 8, 2007, and *Brown*, filed on January 23, 2008, assert identical claims on behalf of similar putative nationwide classes.

Thus, there are now *five actions* pending in federal court against Wells Fargo that assert almost identical claims based on the same allegations, and on behalf of putative nationwide classes of minority borrowers. Consolidation and transfer of these cases will fulfill the purpose of the MDL statute to further judicial economy and eliminate the potential for conflicting pretrial rulings. *See* 28

U.S.C. §1407(a); *Good*, 5 F. Supp. 2d at *809. Indeed, the *Williams* case has effectively been stayed pending a ruling on the MDL Motion, and the CMC in *Rodriguez* has also been continued until March.

It would be manifestly inefficient to allow *Jeffries* and *Ventura* to proceed, and to force Wells Fargo to respond to discovery and make initial disclosures of documents and witnesses, before the MDL Panel has ruled. *See, Rivers*, 980 F. Supp. at 1360 (court should not expend limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge."); *also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted."). Accordingly, this Court should stay these consolidated actions pending a ruling on Wells Fargo's MDL Motion by the Panel.

### B. Wells Fargo Will Be Prejudiced Absent A Stay

The prejudice to Wells Fargo absent a stay far outweighs any perceived or potential prejudice to Plaintiffs if a stay is granted. Since the MDL Motion was filed, Plaintiffs in these actions have served written discovery and have indicated, moreover, that they intend to notice depositions and otherwise ratchet up discovery while the MDL Motion is pending. Reidy Decl., ¶¶12-14. Plaintiffs have refused to stipulate to a stay of these actions, even though none of their discovery was pending before the MDL Motion was filed. *Id*. These efforts are a blatant attempt to create the impression (ahead of the MDL Panel's ruling) that the *Jeffries* and *Ventura* cases are at a more advanced stage. *Id.*, ¶¶8, 12.

Forcing Wells Fargo to respond to discovery and engage in related motion practice, which will be the inevitable consequence of denying a stay here, is unquestionably prejudicial to Wells Fargo. *See American Seafood*, 1992 U.S. Dist. LEXIS 7374 at * 2 ("duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). If the individual district courts allowed all five pending cases to proceed in this way, Wells Fargo would face a substantial and unnecessary burden of litigating on many fronts before the MDL Panel had a chance to rule. *See Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1

1  (W.D. Tenn. Sept. 26, 2005) ("without a stay [pending transfer to the MDL court], the burden on
2  Gillette of having to . . . engage in limited discovery . . . would be significant.").
3      For this reason, the *Jeffries* and *Ventura* consolidated actions should be stayed. Wells Fargo
4  should not be forced to engage in discovery and motion practice which will have to be duplicated
5  elsewhere – either in the coordinated actions before and MDL judge, or in *Brown*, *Williams*,
6  *Rodriguez* and any other copycat cases subsequently filed. By contrast, Plaintiffs here will not be
7  prejudiced by a short stay of these actions pending a decision by the MDL Panel. For these reasons,
8  Wells Fargo requests that this Motion be granted and the stay be put in effect immediately.

    **C.**    **Plaintiffs Will Not Suffer Prejudice or Inequity If A Stay Were Granted**

10      The potential prejudice to Plaintiffs if the action is stayed is non-existent. If a stay is granted,
11  Plaintiffs will not be prejudiced from conducting discovery in these actions at a later date – either in
12  this Court, or before a new transferee court. Plaintiffs have expended limited resources to date; this
13  action is still in the early stages, and discovery has barely begun. Indeed, the only discovery so far
14  was propounded by Plaintiffs *after* the MDL Motion was filed and *after Williams* was stayed. These
15  efforts appear designed to demonstrate to the MDL Panel that these actions are more advanced than
16  *Rodriguez* and *Williams*. Moreover, Plaintiffs' stated intention of serving deposition notices was a
17  *direct response* to Wells Fargo's request for a stipulation to stay these actions. As such, Plaintiffs
18  cannot now claim prejudice because such efforts have caused them to expend resources
19  unnecessarily in these actions. Plaintiffs cannot establish any prejudice as a result of a short stay of
20  these actions, and this Motion should therefore be granted.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

IV. **CONCLUSION**

Wells Fargo respectfully requests that this Court grant this motion and stay these consolidated actions pending a decision by the MDL Panel on Wells Fargo's pending MDL Motion.

Respectfully submitted,

DATED: January 24, 2008

REED SMITH LLP

By  /s/
David S. Reidy
Attorneys for Defendant
WELLS FARGO BANK, N.A.