Robert D. Phillips, Jr. (SBN 82639)
Tyree P. Jones (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This document relates to<br><br>ALL ACTIONS | Lead Case No.: C-07-03880 MMC<br><br>Related Case No. C-07-04309 MMC<br><br>Related Case No. CV-08-00492 MMC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Hearing Date: March 28, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br><br>*Honorable Maxine M. Chesney* |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this reply memorandum of points and authorities in support of its motion to stay all proceedings in these above-captioned actions pending a decision by the Judicial Panel on Multidistrict Litigation ("Panel") on Wells Fargo's multidistrict litigation motion to transfer ("MDL Motion").

A. **Judicial Economy Mandates a Stay of These Actions**

Since the filing of Wells Fargo's motion to stay, significant developments have occurred that reinforce the need to stay these actions pending a ruling from the Panel.

On January 23, 2008, yet another putative class action, *Ruby Kathryn Brown v. Wells Fargo Bank, N.A.*, CV 08-00492 MMC ("*Brown*"), was filed against Wells Fargo in this district. On February 21, 2008, *Brown* was ordered related to *Jeffries* and *Ventura* and was reassigned from Judge Jeffrey S. White to this Court. Brown Doc. 8. Just one week prior, on February 15, 2008, *Jeffries and Ventura* were also reassigned from Judge Martin J. Jenkins to this Court, following Judge Jenkins' appointment to the California Court of Appeal. Jeffries Doc. 68; Ventura Doc. 39.

On February 21, 2008, this Court issued new Case Management Conference Orders in these consolidated actions ("CMC Orders"), vacating all hearing dates and previously pending case management conferences – including the February 26, 2008 status conference. The CMC Orders schedule a new joint case management conference to be held in this Court on May 2, 2008, and require the parties to meet and confer and submit a new joint case management statement not less than seven days before the conference.

In their opposition to the motion to stay, Plaintiffs urge the Court to proceed pursuant to the schedule set forth in Judge Jenkins' January 8, 2008 scheduling order, and argue against the stay based on the time and resources already expended by Judge Jenkins. These arguments are now moot, and any argument based on Judge Jenkins' knowledge of, or investment in these cases must be ignored.

Moreover, Plaintiffs' claim that fact discovery has commenced in *Jeffries* and *Ventura* is disingenuous. When the MDL Motion was filed, *no discovery had been propounded in any of the actions*. Within days of the filing, Plaintiffs served written document requests, and responded to Wells Fargo's motion to stay by serving two Rule 30(b)(6) deposition notices. Following meet and confer efforts by Wells Fargo, however, this discovery has largely been dropped. In light of Judge Jenkins' appointment to the California Court of Appeal and the filing of the new *Brown* case, and at Wells Fargo's request, the noticed depositions were taken off calendar and Plaintiffs granted Wells Fargo a significant extension to respond to the discovery.

Given the current status, judicial economy weighs in favor of a stay. It simply makes no sense for this Court to expend its limited resources familiarizing itself with the intricacies of these new cases, when there is every chance they will end up being heard by another judge. *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D.Cal. 1997). Accordingly, the stay should be issued pending a ruling by the MDL Panel.

### B. Plaintiffs Will Not Be Prejudiced by a Stay

The MDL Motion is currently set for hearing on March 27, 2008 – the day *before* the hearing on this motion to stay. Although the parties cannot predict when the Panel will rule, any delay will surely not be significant and will not prejudice Plaintiffs. In view of the addition of *Brown*, which is at an even earlier stage than *Jeffries* and *Ventura*, as well as the transfer of all actions to this Court, Plaintiffs will face a short delay in these actions with or without a stay. Indeed, the next joint case management conference is almost two months away. The parties have not exchanged initial disclosures in any of these cases, and Plaintiffs cannot plausibly argue that they will be prejudiced if this Court simply waits for a ruling from the MDL Panel.

### C. Conclusion

Wells Fargo respectfully requests that its motion be granted and that these consolidated actions be stayed pending a ruling from the Panel on Wells Fargo's MDL Motion.

DATED: March 14, 2008                REED SMITH LLP

By  /s/
David S. Reidy
Attorneys for Defendant
Wells Fargo Bank, N.A.