United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   In re WELLS FARGO RESIDENTIAL          Lead Case No. C-07-3880 MMC
     MORTGAGE LENDING DISCRIMINATION
12   LITIGATION                             **ORDER GRANTING DEFENDANT'S
                                            MOTION TO STAY PROCEEDINGS
13   _____ PENDING DECISION ON TRANSFER;
                                            VACATING HEARING**
14   This Document Relates To:

15        ALL ACTIONS
     _____/
16

17        Before the Court is defendant's "Motion to Stay All Proceedings Pending a Decision

18   on Transfer by the Judicial Panel on Multidistrict Litigation."  The motion was filed January

19   24, 2008, amended February 21, 2008, and noticed for hearing on March 28, 2008.

20   Plaintiffs have filed opposition, to which defendant has replied.  Having read and

21   considered the papers filed in support of and in opposition to the motion, the Court finds the

22   matter suitable for decision on the papers submitted, VACATES the hearing scheduled for

23   March 28, 2008, and rules as follows.

24        On March 27, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") is

25   scheduled to consider defendant's motion to consolidate five actions, specifically, the two

26   actions consolidated in the above-titled matter, a third action pending in this District, an

27   action pending in the Central District of California, and an action pending in the Northern

28   District of Illinois.  At present, other than the instant motion to stay, there are no motions

1 | pending in the instant consolidated matter.  Further, although the parties state that plaintiffs

2 | herein have served discovery requests on defendant and noticed two Rule 30(b)(6)

3 | depositions, defendant, in its reply, represents that plaintiffs have granted defendant a

4 | "significant extension to respond to the discovery" and that the noticed depositions have

5 | been "taken off calendar."  (See Def.'s Reply at 2:25-28.)  Consequently, it is unclear what,

6 | if any, proceeding or event is implicated by the instant motion to stay.

7 |      Moreover, given that the JPML will hear the question of consolidation within the

8 | week, and it is anticipated by both parties that consolidation will be ordered,[1] it would

9 | appear that the requested stay will be of relatively short duration.

10 |      Accordingly, the motion to stay is hereby GRANTED.

11 |      The Case Management Conference remains as scheduled for May 2, 2008.  In the

12 | event the JPML has not issued a ruling by April 25, 2008, the date the parties' Joint Case

13 | Management Statement is due, the parties may submit a stipulation and a proposed order

14 | to continue the Case Management Conference to an appropriate date.

15 | **IT IS SO ORDERED.**

16

17 | Dated:  March 24, 2008

_____
MAXINE M. CHESNEY
United States District Judge

18

19

20

21

22

23

24

25

26

27 | [1]No party indicates that any opposition to defendant's motion for consolidation has
been filed.  Rather, according to plaintiffs, to the extent a dispute exists, the dispute

28 | pertains to whether the consolidated proceedings should be conducted in this district or in
another district.

2